OPINION
On May 8, 2000, the Tuscarawas County Grand Jury indicted appellant, Richard Hutchison, on one count of aggravated burglary in violation of R.C. 2911.11, two counts of rape in violation of R.C. 2907.02, one count of attempted rape in violation of R.C. 2923.02, one count of felonious assault in violation of R.C. 2903.11 and one count of gross sexual imposition in violation of R.C. 2907.05.
On December 11, 2000, appellant pled guilty to one of the rape counts which had been reduced to sexual battery (R.C. 2907.03) and the felonious assault count. The state dismissed the remaining charges. A sentencing hearing was held on January 24, 2001. At the conclusion of the hearing, the trial court sentenced appellant to an aggregate term of seven years in prison.
On February 1, 2001, appellant filed a motion to withdraw his plea, claiming at the time he made his plea, he was under the impression that he would be released after serving six months. A hearing was held on February 20, 2001. By judgment entry filed February 28, 2001, the trial court denied said motion.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED BY FAILING TO GRANT THE APPELLANT'S MOTION TO WITHDRAW PLEA.
 I Appellant claims the trial court erred in denying his motion to withdraw his guilty plea. We disagree.
Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
Because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice." Our review is limited to the abuse of discretion standard.State v. Xie (1992), 62 Ohio St.3d 521. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellant argues despite his acknowledgment at the plea that he understood the trial court was not bound by his plea bargain agreement with the state, he should be permitted to withdraw his guilty plea because his trial counsel had promised him judicial release after six months. During the February 20, 2001 motion hearing, defense counsel, Steven LoDico, Esq., argued the following:
 Yes, your Honor. If it please the Court, State of Ohio. Judge, I find myself here in a unique situation. On January 24th of this year, my client was sentenced by this Court. If this Court remembers, I sent a young attorney by the name of Derek Lowry who was here. My specific instructions to Derek was you don't have to do anything or worry about anything, everything is pretty much already agreed to. What's occurred here in this Court is very simple and I will take full responsibility for it and I specifically speak on the manifest injustice here.
 On the manifest injustice is a man by the name of Richard Hutchison who came into Court and pled guilty under the agreement with the understanding by representations of counsel. This was a matter I told him, don't worry, Rick. I told him as long as nothing occurs between now and the time of sentencing that changes the facts and circumstances of this case or information that's not before the Court, you will be out in six months. That's exactly what I told him. If it was improper, then I should be sanctioned and I should be punished. But Mr. Hutchison should not be held responsible.
* * *
 All of those things would matter if he came into this Court with the understanding that the Court was going to consider those factors as relevant in the determination of the sentence imposed. Again, I must indicate to the Court, I told Mr. Hutchison that this sentence would be anything that permitted his release after six months on the condition he committed no violations or infractions while in the institution. That's exactly what I told him and I know what the Court told him and I know what he (inaudible) but I'm telling this Court that at no time did he expect anything other than that and again, if anybody should be punished, it should be his counsel for making those representations to him. As an officer of the Court, I tell this Court under oath that that is what I told him and that is what was in his mind and that's what he agreed to. If there's anything more sacred to me is what my pride has told by me and what he believed, that is — there can be nothing more than a manifest injustice if it occurred in the legal field or in our profession than what occurred to Mr. Hutchison and again, I'm responsible for this.* * * But put all that aside, I made a mistake. As an officer of the Court, I told my client something that wasn't true apparently. And by doing that, he is now in prison for seven years.
* * *
 To sit there and simply say because we have the paperwork, my goodness, we have a man in prison for something he did not agree with in any manner, shape or form. I told him to say those things.
 I'm telling the Court, most attorneys wouldn't do this, this is how long I would have Mr. Hutchison in and if you want to hold me in contempt, so be it. If I lose my license, so be it. What I'm trying to tell the Court is this man never entered a plea knowing anything or thinking anything other than he would be out in six months.
February 20, 2001 T. at 2, 3-4 and 5-6, respectively.[1]
During the December 11, 2000 plea hearing, the prosecutor stated the following:
 Yes, your Honor. There have been extensive negotiations, the victims are in the courtroom, I've met with them on several occasions and we have come to an agreement in this case. There will be a change of plea today to an amended indictment, one count of Felonious Assault and one count of Sexual Battery. In exchange for pleas on both of those counts, which are felonies of the second and third degree respectively, the state would agree as per the items on page four on the colloquy which indicates that after the defendant has served six months of the sentence, the state would not oppose judicial release.[2]
December 11, 2000 T. at 2.
The trial court went on to discuss with appellant his Crim.R. 11 rights. These rights were acknowledged by appellant. See, Acknowledgment of Guilty Plea filed December 14, 2000. Defense counsel argued this acknowledgment was "worthless." February 20, 2001 T. at 6. During the Crim.R. 11 colloquy between the trial court and appellant, the trial court specifically discussed the nature of the plea agreement as follows:
 THE COURT: And the State of Ohio through Mr. Mastin has promised to move the Court to amend the indictment which he has done today and he has also promised to make certain recommendations concerning sentencing which he has put in writing and reviewed with the Court and I presume intends to state at the time of sentencing as well. Other than promising to make those recommendations, have any other promises been made to you in exchange for your plea?
 MR. LODICO: There was another representation surrounding that. I did advise Mr. Hutchison that although there's a recommendation of that from the state and that we would sure like to see that happen six months following his imprisonment, that all is relying on his conduct as well while he's in the institution and we did discuss that, did we not?
MR. HUTCHISON: Yes.
 MR. LODICO: So, I just wanted to make that known to the Court that I told him we can't guarantee anything because we don't know what's going to happen six months down the road.
THE COURT: Right.
 MR. LODICO: But, that's something I wanted the Court to be aware of.
 THE COURT: Okay, right. And certainly any representation that I would consider judicial release with anybody who comes in here is contingent upon a good institution report. Do you also understand that your agreements concerning sentencing are between your attorney and the attorney for the State of Ohio and are not binding on me as the sentencing judge in this case?
MR. HUTCHISON: Yes.
 THE COURT: Okay. And there has been a request for a presentence investigation that will provide me with the information to properly evaluate the appropriate sentence in this case. I understand what the recommendation is and have had discussions with your attorney and the prosecuting attorney regarding that.
December 11, 2000 T. at 8-9.
In addition, the acknowledgment of guilty plea signed by appellant contained the following provision:
 I FURTHER UNDERSTAND THAT ANY AGREEMENTS CONCERNING SENTENCING HEREIN ARE ONLY BETWEEN MY ATTORNEY AND THE STATE OF OHIO; AND, THEY ARE NOT BINDING ON THE JUDGE HEREIN, TO WIT: JUDGE THOMAKOS.
As cited supra, defense counsel specifically acknowledged there was no guarantee for judicial release. This statement appears to contradict defense counsel's statements at the motion hearing on February 20, 2001.
During the January 24, 2001 sentencing hearing, the victims spoke and claimed appellant had harassed them from jail. January 24, 2001 T. at 13-14. Thereafter, the trial court explained why it could not accept the state's plea recommendations:
 Mr. Hutchison, I have very few notes from my discussions with the attorneys prior to this. I do not recall anybody warning me of what an extensive criminal background you have. This history shows me a complete disregard for the authority of the law and no, and it tells me that you have no concept of what acceptable behavior is in this community. I am imposing on the felony of the second degree, Felonious Assault, a period of three years incarceration and I'm imposing on the one count Sexual Battery, felony of the third degree, a period of four years incarceration. I am imposing the terms consecutively and making a finding that these are necessary to protect the public and punish the offender and not just proportionate to the conduct and the danger that you pose and that the criminal history shows that consecutive terms are needed to protect the public.
January 24, 2001 T. at 17.
Philosophically, a trial court is not bound by a plea agreement unless there has been active participation by the trial court in the agreement. Such participation was not present sub judice. If we accept appellant's argument, we would be abrogating the constitutional right of the trial court to determine the appropriate sentence. It would abrogate the separation of powers doctrine if the state was permitted to force a particular sentence upon a trial court.
Given the facts presented, we cannot say the trial court abused its discretion in denying the motion. We do not know anything more the trial court could have done to insure that it had the right to determine the appropriate sentence.
The sole assignment of error is denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.
Hon. W. Scott Gwin, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.
[1] These statements were not given under oath, nor was an affidavit filed by defense counsel. See, Motion to Withdraw filed February 1, 2001.
[2] We note there is a written acknowledgment of this statement. See, Acknowledgment of Guilty Plea filed December 14, 2000. Also, the statement was reiterated by the prosecutor during the January 24, 2001 sentencing hearing.